JOHN S. MORRIS, Appellant, v. W. W. McCOY, Respond-
ENT.

"Liquidated Damages" when held to be mere "Penalty." Where McCoy
covenanted with Morris to pay certain debts owing by Morris, and, in case of
failure, to pay to Morris $10,000 as fixed, settled and liquidated damages:
*Held*, that the sum so named was to be considered a penalty and not liqui-
dated damages, and that in a suit on the covenant the recovery should be
limited to the actual damage with legal interest.

Rule as to what shall be "Penalty" instead of "Liquidated Damages."
Where parties stipulate for the payment of a large sum of money as damages
for the failure or nonpayment of· a smaller sum at a given time, such large
sum so agreed upon, no matter what may be the language of the parties, will
be deemed a penalty and not liquidated damages.

Covenant for Performance of various Acts — when Stipulated Damages
mere Penalty. Where a covenant is such that it secures the performance
or omission of various acts, some of which may not be readily measurable by
any exact pecuniary standard, together with others in respect of which the
damages on the breach of the covenant are certain or readily ascertainable by
a jury, any sum therein agreed upon as damages in case of breach will always
be held a mere penalty.

Covenant—when Consideration stated not to be varied by Parol. Where
in a suit for damages under a bond, which called in terms for a large sum as
"liquidated damages" but was in law a' penalty to secure the payment of a
smaller sum, and there was no ambiguity in the instrument: *Held*, that the
agreement was fully embraced in the writing, and that plaintiff could not be
allowed to show by parol that the consideration for the agreement was of
greater value than the sum so secured to be paid.

Covenant to pay "Liquidated Damages"—when Parol Evidence concern-
ing "Situation of Parties" Allowable. In a suit on a bond which pro-
vides for the performance of certain acts, and for the payment of a stipulated
sum as damages in case of breach, parol evidence concerning the subject mat-
ter of the contract, so far as the situation of the parties is concerned, is only
admissible when it tends to show that the failure to perform the acts agreed
upon has resulted in such damages as cannot be readily ascertained by any
pecuniary standard.

"Offer of Proof" must show what Proof is Offered. Where, in a suit
on a bond providing in terms for the payment of a large sum as liquidated
damages, plaintiff offered to prove by parol "the situation of the parties and
circumstances surrounding them," which offer was refused; and the bill of
exceptions failed to show what particular situation or circumstances it was
offered to prove, or whether they had any bearing on the contract: *Held*,
that the offer was not sufficient, and was presumptively properly refused.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

The bond sued on in this action was as follows : " Whereas John W. Morris, William D. Morris and John S. Morris ·have this twenty-first day of July, 1869, conveyed to me, W. W. McCoy, by good and sufficient deed, all their right, title and interest in and to all the personal and real property known as the property of the Eureka Smelting and Mining Company, situated, lying and being in Eureka Mining District, Lander County, state of Nevada. Now, therefore, in consideration of said transfer and conveyance on the part of the said John W. Morris, William D. Morris, and John S. Morris, I do hereby covenant and agree to and with the said John S. Morris that I will pay and fully discharge all debts and obligations of whatever name or kind that may now be due and owing, or that may become due, from the said John S. Morris as a member of the firm of Morris, Monroe & Co., created in the management or working of the said Eureka Smelting and Mining Company's prop-, erty, being the same this day conveyed to me by the said John W. Morris, William D. Morris and John S. Morris. · And I do further covenant and agree to and with the said John S. Morris, that I will pay and fully discharge that certain promissory note made, executed and delivered in the year 1869, to one P. B. Poryjoy by the said John S. Morris, in the sum of about one hundred and eighty dollars. And I do further covenant and agree to and with the said John S. Morris that I will hold him harmless against all actions at law or in equity that may be brought against him individually, or as a member of the firm of Morris, Monroe & Co., for the recovery of any of the debts now due, or to become due, against the said John S. Morris as a member of the firm of Morris, Monroe & Co., made or created in the management or working of said property; and that I will pay all costs and other expenses that the said John S. Morris may be put to, or become liable for, in the defense of any action that may be brought for the enforcement of any debt or other obligation created in the management or working of said mining property. For the faithful performance of each and every of the covenants and agreements hereinbefore mentioned, I do bind my-

self unto the said John S. Morris in the sum of ten thousand dollars gold coin of the United States, as fixed, settled and liquidated damages to be paid to the said John S. Morris, if I make default in the performance of any of the said covenants and agreements.   In witness whereof, I have hereunto set my hand and seal, this twenty-first day of July, 1869.          W. W. McCoy.   [SEAL.]
   " Witness: F. M. SMITH,
               W. W. HOBART."

The complaint alleged that defendant had made default in each of the covenants of the bond, and proceeded to set forth that plaintiff had been sued on one debt owing by him as a member of the firm of Morris, Monroe & Co., and compelled to pay thereon for damages, costs and attorney's fee the sum of $283.13, and that he had paid another debt so owing by him of $168.   There was a prayer for $10,000 damages.   The answer denied fully the allegations of the complaint.   There was a judgment for defendant, from which plaintiff appealed.

The statement on appeal contained a series of offers of evidence by the plaintiff, adverse rulings thereon, and exceptions.   The chief offers were to prove by parol that McCoy fully and explicitly understood and intended that he was to pay the stipulated sum of $10,-000 as fixed, settled, and liquidated damages upon the breach by him of either of the conditions of the bond in the slightest particular, and expressly promised to do so without cavil or dispute; and also that the value of the consideration expressed in the bond was largely in excess of all the debts of Morris undertaken to be paid by McCoy.

After stating the above offers, their exclusion and exceptions, the statement on appeal proceeded to set forth that the Court below refused to allow any testimony at all in relation to the above matters offered, or in relation to the situation of Morris and McCoy at the time of the execution and delivery of the bond, or the circumstances by which they were surrounded, together with plaintiff's exceptions thereto; and that then plaintiff introduced in evidence the bond, and that there was no other evidence produced by either party.

*George S. Hupp*, for Appellant.

I. It was competent for the parties to the bond in suit here to agree that, upon a breach by the obligor, the sum therein named should be considered and treated as liquidated damages, and not as a penalty. Sedgwick on Damages, 417–420; *Goldsworthy* v. *Strutt*, 1 Excheq. 659; *Crisdee* v. *Bolton*, 3 Car. & P. 240; 12 Barb. 147; 18 Barb. 338; 19 Barb. 109, 389; 25 Cal. 70, *et seq.*

II. The testimony offered by plaintiff was admissible. In an action on an agreement for the payment of a certain sum if the promisor should not do a certain act, where the question is, whether such sum is a penal one or liquidated damages, parol evidence is admissible concerning the subject matter of the agreement, so far as respects the situation of the parties and the facts relating to the agreement, and especially to the consideration thereof. *Hodges* v. *King*, 7 Met. 583; *Perkins* v. *Lyman*, 11 Mass. 81; *Thomas* v. *Truscott*, 53 Barb. 204; 1 Greenleaf on Ev. §§ 286, 7, 8.

When the purpose for which a writing was executed is not inconsistent with its terms, it may properly be proved by parol. *Hutchins* v. *Hibbard*, 34 N. Y. 26.

*Hillhouse & Tilford*, for Respondent.

I. So far as the testimony excluded tended to invalidate the bond sued upon, by showing that it was but a part of a system of fraud and oppression alleged to have been committed by the defendant on the plaintiff, it was clearly inadmissible. The plaintiff having introduced the instrument and made it a part of his case, claiming under its provisions $10,000 as liquidated damages; and the defendant having denied and put in issue all the allegations of the complaint, it was certainly not competent for the plaintiff to attack the very instrument on which this action was founded. All evidence must be *pertinent* to the issue made by the pleadings.

II. If a covenant is for the performance of, or for the abstaining from some act or acts, and the damages resulting from a violation of the covenant can be ascertained and measured by an exact pecuniary standard, then the sum stipulated for the violation of the

covenant as damages is deemed a penalty, or in the nature of a penal sum, whatever may be the language of the instrument. If the instrument provide for the payment of a larger sum, on the failure of the obligor to pay a less sum, in the manner prescribed, the larger sum is always, whatever may be the language employed in the instrument, considered a penalty. *Kemble* v. *Farren*, 6 Bing. 141; 3 Car. & Payne, 240; Sedgwick on Dam. 411; *Merrill* v. *Merrill*, 15 Mass. 488; 11 Mass. 76; *Head* v. *Bowers*, 23 Pick. 455; 3 Johns. Cases, 297; 17 Wend. 447; 22 Wend. 201; 24 Wend. 246; 18 Johns. 219; 12 Barb. 367; 18 Barb. 50; 5 Sandf. 192; 19 Barb. 106.

III. A sum named as liquidated damages must be construed a penalty in all cases where the agreement contains various stipulations differing in importance, and it is to each and all of them that the damages apply. See note to Sedgwick on Dam. 410; 1 Ind. 434; 3 Ohio St. 241.

IV. If the construction contended for by plaintiff's counsel be correct, then for a failure to pay the sum of $180, the amount of the promissory note specified in the second article, the defendant became liable to Morris for $10,000. But the damages resulting from a violation of any of the covenants specified in the bond were easily ascertainable, and capable of being measured by an exact pecuniary standard. This brings the case within the letter and reason of the rules, adopted by the courts for the construction of instruments of this character, for determining whether the sum named to secure the performance of their covenants shall be treated as a penalty or as liquidated damages.

By the Court, LEWIS, C. J.:

Whether a sum of money agreed upon by the parties to a contract to be paid in case of a breach shall be held liquidated damages, and so literally enforced, or a penalty, in which case the actual damage resulting from the breach and not the amount stipulated is allowed to be recovered, has ever been a perplexing question to the courts. Although, as a general rule, it is acknowledged that the intention of the parties as expressed in the contract should

be enforced, still it is clearly ignored in that class of cases where the parties stipulate for the payment of a large sum of money as damages for the failure or nonpayment of a smaller sum at a given time. In such cases it is said, no matter what may be the language of the parties, the large sum agreed upon will be deemed a penalty, and not liquidated damages.

In *Astley* v. *Weldon*, 2 Bos. & Pull. 346, Chambre, J., said that "There is one case in which the sum agreed for must always be considered as a penalty ; and that is, where the payment of a smaller sum is secured by a larger." And this language has been frequently quoted and adopted by the American courts as a correct exposition of the law. In *Kimball* v. *Farren*, 6 Bing. 141, Tindel, C. J., said : "That a very large sum should become immediately payable in consequence of the nonpayment of a very small sum, and that the former should not be considered as a penalty, appears to be a contradiction in terms ; the case being precisely that in which courts of equity have always relieved, and against which courts of law have in modern times endeavored to relieve, by directing juries to assess the real damages sustained by breach of agreement."

The Supreme Court of New Hampshire, in *Mead* v. *Wheeler*, 13 N. H. 353, after adopting the remarks of Chambre, J., *supra*, go on to say : "Although in fact a creditor may suffer the most serious injury from the want of punctual payment of his debt, and the payment of the principal and interest may very inadequately compensate him for his disappointment, still the payment of more than the legal interest cannot be enforced under the denomination of a penalty, although if the agreement to pay a penalty be in accordance with the general usage and practice of a particular trade, it has been held that it might be enforced, even if it should exceed the legal interest." The case of *Spear* v. *Smith*, 1 Denio, 464, was an action upon a submission to arbitration, providing that the arbitrators should determine what damages either party should pay to the other, and containing a clause that the party who should refuse to abide the award should pay to the other one hundred dollars "as the ascertained and liquidated damages." The arbitrators having awarded to the plaintiff $10.40, it was held that the one

hundred dollars was a penalty, and that only the ten dollars and forty cents could be recovered. 3 Leading Cases in Equity, note to *Peachy* v. *Duke of Somerset*, where it is said : " Whenever, therefore, the damages resulting from a breach of agreement are susceptible of being estimated by calculation, they cannot be liquidated by the parties themselves, who must be content to abide by the rule of compensation established by law." And it is said in *Niver* v. *Rossman*, 18 Barb. 55, " It may now be regarded as well settled that no damages can ever be so liquidated between the parties for the mere nonpayment of money, as to secure the payment of a greater sum than that named in the covenant, with interest." And Parsons states this to be the established rule. 3 Parsons on Contracts, 159 ; see also 5 Sanford ; *Bagley* v. *Peddle*, 192 ; *Mason* v. *Flint*, 2 Minn. 350.

The reason given for the rule is, that the object of the contract is its fulfillment — that is, the doing of the thing, the performance of which is sought to be secured by the penalty or liquidated damages, and not the infliction of an injury on the one side, nor the acquisition of a collateral advantage on the other. Chancellor Kent, in *Skinner* v. *Dayton*, 2 Johns. Ch. 535, says: " The true foundation of relief is, that when penalties are designed to secure money or damages really incurred, if the party obtains his money or damages he gets all that he expected or required." Consequently, when the covenant or contract is broken, the intention of the parties is best carried out by substituting a compensation in damages, which the law fixes at the legal rate of interest. Now it is very evident in this case, that the chief object of the contract was the payment by McCoy of certain debts owing by Morris. Had he paid them, the object of the contract would have been accomplished, and it would have been executed in its very letter ; and the plaintiff would have received all he expected to. But they were not paid, and for the failure to do so he claims the recovery of the ten thousand dollars stipulated as the damage in case of such failure. But by the rule of law suggested, the recovery must be limited to the actual damage, with legal interest. The case comes squarely within the rule that a large sum, stipulated to be paid in default of the payment of a smaller sum, must always be deemed a penalty, no matter what

may be the language of the parties.   There is another covenant in this case, it is true — that is, that the obligor McCoy will save the plaintiff harmless from all suits instituted for the recovery of the debts agreed to be paid.   However, taking the whole agreement together, it is simply an agreement to pay certain debts of Morris. But should it be considered an independent covenant, and that the damage resulting from a breach of it would be uncertain, the plaintiff is in no better condition, for it is well settled that the sum agreed upon between the parties will always be held a penalty, where the agreement is such that it secures the performance or omission of various acts, some of which are not readily measurable by any exact pecuniary standard, together with others in respect of which damages on the breach of the covenant are certain, or readily ascertainable by a jury.   Such was the case in *Kimball* v. *Farren*, 6 Bing. 141, *supra*, and is the rule uniformly adopted in this country.   Leading Cases in Equity, note to *Peachy* v. *Duke of Somerset.*

Hence, if the covenant to save the plaintiff from suits for the recovery of the debts in question be a covenant, the breach of which could not be readily measured by any exact pecuniary standard, as it is united with one that is so—that is, the payment of the debts— and as the whole sum stipulated to be paid as damages is payable upon the breach of either covenant, the case comes within the rule of *Kimball* v. *Farren ;* and if, on the other hand, it be a covenant, the damage for the breach of which can be so readily measured, then it comes within the first rule.

With this general statement of the law before us, we are prepared to inquire whether the assignment of error relied on in this case is tenable.   We think not.   It was proposed by counsel for appellant to show, by parol testimony, the agreement and understanding between the parties at the time the contract in question was executed.   That was not admissible, because there was no ambiguity ; and it must be supposed the agreement was fully embodied in the written instrument.   1 Greenleaf on Evidence, § 275. The evidence offered for the purpose of showing that the consideration for the agreement was in fact of greater value than the money to be paid by McCoy, certainly could not help the appellant, if the

law be correctly stated in the authorities referred to.   If it be a fact that in no case will the amount designated by the parties be held to be liquidated damages, when it is simply security for the payment of a lesser sum, then certainly it was of no consequence what may have been the consideration moving from Morris to Mc-Coy ; for the contract is one of that character, and comes directly within the rule announced by Chambre, J., in *Astley* v. *Walden.* The evidence, then, offered for the purpose of showing the consideration, would not aid the plaintiff.

Any evidence tending to show that the failure to fulfill a contract will result in such damage or injury to a party that cannot be readily ascertained by any pecuniary standard, is undoubtedly admissible ; for such evidence goes to show it to be a case in which the parties have a right to fix the measure of damage.   This is clearly what is meant by the cases holding that parol evidence is admissible concerning the subject matter of the contract, so far as the situation of the parties is concerned, in cases of this kind.   This could not, however, possibly be the result here.   But there is another answer to this point.   It is stated only, in the bill of exceptions, that the plaintiff offered proof of the situation of the parties, and circumstances surrounding them.   What particular situation or circumstances it was proposed to prove, does not appear.   It was certainly necessary to show that the situation or circumstances offered to be proved had some bearing on the contract.   This was not done — the specific offer of evidence which preceded this general offer was clearly only of evidence which could in no wise aid the plaintiff, or tend to show that the case does not come within the rule respecting an agreement to pay a greater sum upon failure to pay a less, or that the amount agreed upon between the parties should not be held to be a penalty.

The judgment below must be affirmed.