Burk v. Dunn.

## John A. Burk v. Edward A. Dunn.

1. DAMAGES—*Stipulated Damages and Penalties.*—Where the parties to an agreement under seal, for the sale of land, bound themselves in the sum of one thousand dollars, " to be taken as stipulated damages and not as a penalty," *it was held* to be stipulated damages and not a penalty.

2. SAME—*Power of Parties to Stipulate.*—Where the damages are considerable and not capable of exact ascertainment, resting mainly in estimation or based upon matters more or less uncertain, and where there is no fraud in procuring the contract, the amount fixed by the parties will be the guide for the court.

3. CONTRACT—*In Writing—Collateral Agreements.*—Where parties to an agreement for the sale of land make an arrangement, independent of the written agreement, by which the vendee is to pay certain taxes, and he pays them, if the consideration of the agreement fails, he may recover the amount paid as money expended for the use of the vendor.

**Memorandum.**—Assumpsit upon a sealed instrument, etc., in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration, special and common counts; pleas, general issue and special pleas; trial by the court, finding and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

APPELLANT'S BRIEF, PENWELL & LINDLEY AND SALMANS & DRAPER, ATTORNEYS.

Where the sum stipulated for is to secure the performance of the contract, and it is not the intention of the parties that the said sum shall be paid, it is held to be a penalty, and any designation of the sum by the parties as " liquidated damages " does not control. Schofield v. Tompkins et al.,

95 Ill. 190; 1 Sutherland on Damages, 497, Sec. 283 *et seq.;* Bryton v. Marston, 33 Ill. App. 214.

Where the damages are not difficult of ascertainment, the stipulated sum will be considered a penalty. Tiernan v. Hinman, 16 Ill. 400.

J. H. DYER, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

On the 6th of September, 1892, the parties to this suit entered into a written agreement under seal, whereby the appellant agreed to sell to the appellee, and the latter agreed to buy, a tract of land containing two hundred acres situated in White county, Indiana. The price fixed by the agreement was $6,400, of which $3,000 was to be paid March 1, 1893, and the deferred payments were to be made in four equal installments in one, two, three and four years from the contract date with six per cent interest, to be secured by mortgage upon the land. The appellant was to convey the land to the appellee upon the 1st of March, 1893, by a good and lawful deed, in fee simple, free and clear from all incumbrances, and to furnish a full and complete abstract of title. The agreement contained the following provision:

"And for the faithful performance of all the covenants herein set forth, each of the said parties bindeth himself, his heirs and assigns, unto the other in the sum of one thousand dollars to be taken as stipulated damages and not as a penalty."

The appellee brought assumpsit against the appellant alleging the making of this agreement and a failure by the appellant to convey, although the appellee had offered to pay and to perform the other conditions binding upon him, and alleging that after the making of the agreement the appellee had paid to appellant the sum of $186.20 as part of the purchase money. A plea of non-assumpsit was filed and the cause was tried by the court, a jury being waived. The court found the issues for the appellee and assessed his

damages at $1,186.20. It appears that a few days before March 1, 1893, the appellee went to the appellant prepared to pay the $3,000, and to make the notes and mortgage for the deferred payments, but the appellant was not then ready to furnish the abstract, and by mutual consent the time in which the terms of the agreement were to be complied with was extended to March 11, 1893, and the papers were to be exchanged through the First National Bank of Hoopeston, Illinois. An indorsement to that effect was made upon the agreement and signed by both parties.

It does not appear that the appellant went to Hoopeston or had the deed on deposit in the First National Bank there on the 11th of March, though it does appear that he was there " in the forepart of March " and inquired of the cashier of the bank whether appellee had arranged for the money to pay on the land, and being answered in the affirmative he said he had not the papers ready then but would send them to the cashier as soon as they were ready, and the cashier promised to attend to the matter. On the 25th of March appellee wrote him as follows :

HOOPESTON, Ill., March 25, 1893.

Mr. John Burk, Wolcott, Indiana.

DEAR SIR : I have written you twice in regard to our land trade and have no reply. Unless you close this trade up within one week from to-day I shall declare the trade off and expect the damage mentioned in contract.

Yours truly,

E. A. DUNN.

On the 31st of March appellant went to Hoopeston, and by way of explanation said to appellee that he had been delayed in getting the abstract, but that he was ready to close the contract, as appellee said he was.

It appeared, however, that the taxes on the land for 1892, which were all due on the 1st of January, 1893, were unpaid and the parties disagreed as to which should pay them, each insisting that the burden was on the other. The appellee tendered the $3,000 and the notes and mortgage, insisting, however, that the appellant should clear the land of

the tax incumbrance, and the appellant refused to accept and make the deed.

The parties then separated and afterward on the same day the present suit was instituted.

We think it clear enough that the appellant was in default and that he should respond to the appellee for failing to comply with the contract.

The question is what was the measure of damages. The amount allowed by the court is just equal to the sum named in the contract as liquidated damages together with the sum of $186.20 paid soon after the execution of the agreement. It appears that this payment was made for the purpose of meeting certain " ditch taxes," which had been or were then being incurred, and that it was in pursuance of a verbal understanding between the parties.

It was not specified in the written agreement and seems to have been regarded as a condition binding upon the appellee independent of the contract. In other words appellee was to take the land subject to the ditch taxes, he probably regarding the drainage as an improvement for his benefit in case he acquired the land. It was not paid under the written agreement though it was paid in expectation of getting the land, and if that expectation failed without his fault he would be entitled to recover it back as so much money paid for the use and benefit of the appellant. It might therefore be regarded as outside of the contract itself, inasmuch as it was so treated by the parties themselves.

The provision in the agreement is that the sum of $1,000 shall be taken as stipulated damages for the failure by either party to faithfully perform " all the covenants herein set forth." For such failure by either, in the performance of the covenants in the contract set forth, they agreed that the sum named should be the measure of damages. They assumed to relieve the court of the task of inquiry and assessment and to provide a fixed suit which each should be held to pay in the event of his failure to keep his covenants.

To say that this was intended as a mere penalty to be discharged by the payment of damages ascertained by as-

sessment is to make the provision meaningless and super-fluous, for such would be the legal implication if nothing whatever had been said.

In Peine v. Weber, 47 Ill. 41, the court remarked that "unless there is good cause for it a court can not declare a stipulated sum which the parties themselves have said shall be the amount of damages, to be a penalty merely."

When the damages are considerable, are not capable of exact ascertainment and rest mainly in estimation, and are based upon matters which are more or less uncertain, and where there is no fraud in procuring the contract, the amount fixed by the parties ought to be the guide for the court.

In the present case all these conditions appear, and more-over the parties in the plainest terms declared that the sum named should not be treated as a penalty, but as stipulated damages.    The intention thus manifested can not be disre-garded when the result is not unconscionable, and in such case the law will enforce the stipulation.    Gobble v. Linder, 76 Ill. 157; Scofield v. Tompkins, 95 Ill. 190; Boyce v. Wat-son, 53 Ill. App. 361; Poppers v. Meager, 148 Ill. 192; Am. & Eng. Ency. of Law, Vol. 13, p. 847, *et seq.*

Counsel for appellant insists, however, that if this view should be taken of the provision the judgment is excessive, because it includes the $186.20 advanced for drainage taxes and that this item is to be included in the stipulated sum and covered by it.

As already shown, this stipulation is merely to cover the damages for breach of the "covenants herein set forth," that is to say, the covenants expressed in the writing itself; and not for matters connected with or collateral to the sub-ject of the agreement, and as also shown the arrangement to pay these drainage taxes was independent of and aside from the written agreement.    If this is correct, then, as already stated, the amount so paid, when the consideration failed, may be recovered as money expended for the use of the ap-pellant, wholly independent of the damages for failing to perform the conditions expressed in the writing.

Counsel for appellant further say "that the appellee had a right at the trial to elect whether to sue for and recover the $1,000 stipulated in the contract, or to ignore the stipulation and sue for and recover the actual damage in case of a breach, but that he was not entitled to recover the sum stipulated for with any additional actual damage."

Assuming this to be a sound proposition the position of appellant is unfortunate, because it is impossible to say that the court may not have assessed the damage for failure to convey at $1,000 in addition to the amount paid for drainage tax, upon the evidence heard. While the testimony introduced by the parties is conflicting as to the value of the land, yet there is abundant evidence, if the court believed it, to justify the finding as to damages wholly regardless of the stipulation.

It is quite apparent that the land was advancing in value and the testimony showing that it was worth seven or eight dollars per acre more than the contract price is by no means incredible. It is more than probable from the evidence that the amount recovered is within the actual damages sustained by appellee by his failure to obtain the land under the contract. From whichever standpoint the case is considered we think the judgment should be affirmed.