## Otto Radloff v. Otto Haase.

1. CONTRACTS—*Construction—Penalties and Liquidated Damages.* —Where from the nature of an agreement it is clear that any attempt to get at the actual damage would be difficult, if not in vain, the courts will incline to give the relief which the parties have agreed upon. But if, on the other hand, the contract is such that the strict phraseology would work an absurdity or oppression, the use of the term "liquidated damages" will not prevent them from inquiring into the actual injury sustained, and doing justice between the parties.

2. SAME—*Right of the Parties to Agree upon Compensation in Case of a Breach.*—The parties to a contract may lawfully agree upon any sum as compensation for the breach of the contract, which does not manifestly exceed the amount of the injury suffered.

3. SAME—*Where the Amount Stipulated is Disproportioned to the Probable Damages.*—Where the amount stipulated in a contract to be paid by the defaulting party is disproportionate to the probable damages or to the readily ascertainable loss, the courts will treat it as a penalty in the nature of a security for the performance of the contract.

4. SAME—*Just Compensation for the Loss or Injury Sustained.*— Courts of justice will not recognize or enforce a contract or any stipulation in it, clearly unjust and unconscionable, but will adopt the best and most practicable mode of ascertaining the sum which will produce a just compensation.

5. SAME—*Where the Party Suing Fails to Show that He Has Sustained any Damage.*—Where a party to a contract, stipulating for the payment of $2,000 in case of its violation, is suing for a breach of its conditions and fails to show that he has sustained any damage, the courts will be disposed to treat the stipulated sum as a penalty, especially where to enforce it would work hardship and oppression.

Debt, for the breach of a contract. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed July 8, 1901.

Statement by the Court.—Appellant brought an action of debt in the Superior Court, to recover damages for the breach of the following contract, to wit:

"For and in consideration of the payment to me of the purchase money of fourteen hundred dollars. it is hereby stipulated and agreed by and between the parties and especially covenanted by Otto Haase, that for and during the period of the next five years he will not commence, start or

run what is known as a 'bakery' business; that he will not engage in said business either by himself or by agents, within a radius of five blocks from 442 North Ashland avenue, being the premises sold by me and purchased this day by Otto Radloff, and I, the undersigned, Otto Haase, hereby agree to pay to the said Otto Radloff the sum of two thousand dollars in case above agreement shall be violated by me, unless the said Otto Radloff shall give consent to me to commence or start a bakery business within a radius of five blocks, both east, west, north or south of said 442 North Ashland avenue.

In witness whereof, I have hereunto set my hand and seal this 7th day of February, A. D. 1894.

OTTO HAASE.    (SEAL)."

A trial before the court and a jury, at the close of all the evidence, on motion of appellee's counsel, resulted in a verdict which was directed by the court, finding the issues for the defendant and judgment thereon, from which this appeal is taken.

It appears from the evidence that about the date of the above contract appellee sold to appellant his bakery business for the sum of $1,400, which was paid, and the latter carried on that business for about two and one-half years at the same place where appellee had formerly done the same business. Appellant sold out this business to one Hoffman about September 1, 1896, who thereafter continued the business for about one year, when he, in turn, sold out, both of these sales being made without any reference, so far as the evidence shows, to the agreement between appellant and appellee.

As soon as appellant sold out to Hoffman he left Chicago, and at the time of the trial was in the West, just where does not appear, and it nowhere appears that he has ever, since he left Chicago, returned or made any attempt to carry on the bakery business at any place.

In the fall of 1897 appellee again engaged in the bakery business across the street from No. 442 N. Ashland avenue, which is within the prohibited territory mentioned in the agreement. There is no evidence that he obtained appellant's consent to again engage in this business. There is

no evidence in the record tending to show that appellant has sustained any actual damage by reason of the breach of the agreement. September 1, 1896, appellant gave to his attorney in this case a power of attorney authorizing him to bring suit upon and enforce the conditions of said agreement and to collect any benefit or advantage arising therefrom and any amount that might become due or be recovered by virtue of a violation of the agreement.

J. HENRY KRAFT, attorney for appellant.

A. G. DICUS, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

The question presented is as to whether the Superior Court erred in taking the case from the jury. That the agreement in question is a valid and binding one between the parties is not and can not be questioned, and the proof is clear that appellee has violated its terms by engaging in the bakery business within the prohibited territory of the agreement, without the consent of appellant, during a period of about one year and six months of the time during which he agreed that he would not engage in the bakery business within that territory. Also, as we have seen, appellant sold out his business that had been purchased from appellee, left Chicago, and, so far as appears from this record, there is no evidence that he has suffered any actual damage whatever. The matter, then, to determine, is whether, under these facts, appellant is entitled to recover.

In Scofield v. Tompkins, 95 Ill. 190–3, the court quotes with approval the following language from Sedgwick on Damages, viz. :

" If, from the nature of the agreement, it is clear that any attempt to get at the actual damage would be difficult, if not in vain, then the courts will incline to give the relief which the parties have agreed on. But if, on the other hand, the contract is such that the strict construction of the phraseology would work absurdity or oppression, the use of the term ' liquidated damages ' will not prevent the courts from inquiring into the actual injury sustained, and doing justice between the parties."

The court say, "the weight of the authorities sustains these propositions."

And the court, in referring to the agreement then under consideration, say, "When to enforce such an agreement would work great hardship and oppression, it should never be enforced," the reason assigned being that the actual damages did not exceed one-twentieth of the amount sought to be recovered under the agreement. The court further say:

"The parties are authorized to agree upon any sum as compensation for the breach of the contract, which does not manifestly exceed the amount of the injury suffered. This is believed to be the doctrine of the courts and to be well sustained by the authorities."

The principles here announced are sustained and re-affirmed in the following cases:  Poppers v. Meagher, 148 Ill. 192–202; Con. Coal Co. v. Peers, 150 Ill. 344–52; Hennessy v. Metzger, 152 Ill. 505–14; Goodyear Co. v. Selz, 157 Ill. 186–92; Iroquois Fur. Co. v. Wilkin Mfg. Co., 181 Ill. 582–604.

See also in the same connection:  1 Sedg. on Dam., Sec. 407; Burk v. Dunn, 55 Ill. App. 25–9; Connelly v. Priest, 72 Mo. App. 673–8; Jaquith v. Hudson, 5 Mich. 123–32; Myer v. Hart, 40 Mich. 517–23; People v. R. R. Co., 76 Calif. 29–36, and cases cited; Morris v. McCoy, 7 Nev. 399.

In 181 Ill. 604, *supra*, the court say:

"If the amount agreed to be paid is out of proportion to the probable damages sustained, the court will be disposed to treat the stipulated sum as a penalty."

In the Connelly case, *supra*, the court quotes the rule laid down in Cochran v. Ry., 113 Mo. 359, in part as follows:

"Where the amount stipulated to be paid by the defaulting party is disproportionate to the probable damage, or to a readily ascertainable loss, the courts treat it as a penalty in the nature of a security for performance."

In the case of Jaquith, *supra*, the Supreme Court of Michigan gave a thorough consideration to such contracts as the one here in question, and while in the particular case

it was held that there could be a recovery of the agreed damages, the court, among other things, says:

"The law, following the dictates of equity and natural justice, in cases of this kind, adopts the principle of just compensation for the loss or injury actually sustained; * * * courts of justice will not recognize or enforce a contract, or any stipulation of a contract, clearly unjust and unconscionable. * * * The courts adopt the best and most practicable mode of ascertaining the sum which will produce just compensation."

In the Myer case, *supra*, the Jaquith case is re-affirmed, and the court say:

"Just compensation is the principle at which the law aims, and the parties will not be permitted, by express stipulation, to set this principle aside."

And held that there could be no recovery sustained in case of the breach of a contract, which appeared to be grossly in excess of the actual damages suffered.

Mr. Sedgwick, in the section cited *supra*, says, in speaking on this subject, that the courts "all seem to agree upon the principle that the stipulated sum will not be allowed as liquidated damages unless it may fairly be allowed as compensation for the breach."

In the 76 Calif., *supra*, the court quote with approval the following from Sutherland on Damages, viz.: "If a gross sum is stipulated to be paid for any failure to fulfill an agreement consisting of several parts, and requiring several things to be done or omitted, it is a penalty;" and held that when the agreed sum was "for one breach and for many, for a breach attended with a small loss, and the actual damages are easily computed, the inequality is at once seen; the stipulation as to a definite sum is so framed that it can not possibly be construed to adjust the recompense to actual injury," and should be treated as a penalty and not as liquidated damages. We believe this ruling is sustained by the weight of authority.

Applying the foregoing principles to the case at bar, we think that appellant has failed to show that he is entitled to recover. Having failed to show that he has sustained any

damage whatever, as said in the 181 Ill., *supra*, "The court will be disposed to treat the stipulated sum as a penalty," and as held in the Tompkins case, *supra*, to enforce this agreement would work great hardship and oppression.    To give appellant, when he has suffered no injury and sustained no damage, the sum of $2,000, at the expense of appellee, would certainly be unjust and unconscionable, and could not be held a just compensation, as is said in the Michigan case, *supra*, to be the rule of natural justice and controlling in such cases.

Moreover, a reference to this contract shows that, under its letter, for its violation for one hour appellee would be subject to the payment of $2,000, and to no greater penalty had he violated it for every hour during the whole period of five years.    This, under the 76 Calif., *supra*, and the principles announced in the other cases, would make the agreed sum a penalty and not liquidated damages.    The agreement then being for a penalty to secure performance, and no actual damage being shown, the judgment of the Superior Court is affirmed.