## Elon Steer et al. v. H. B. Brown.

1. CONTRACTS— *Providing Sum as Compensation for Breach— Whether Liquidated Damages or a Penalty.*—Where the parties to an agreement have expressly declared the sum agreed upon as compensation for a breach of the contract to be intended as a forfeit or penalty, and no other intention is to be collected from the instrument, it will be generally so treated, and a recovery will be limited to the damages actually sustained by the breach of the covenant it was to secure. On the other hand it will be inferred that the parties intended the sum named as liquidated damages, when the damages arising from the breach are uncertain, and are not capable of being ascertained by any satisfactory or known rule, or where, from the nature of the case, and the tenor of the agreement, it is apparent that the damages have already been the subject of actual and fair calculation and adjustment.

2. SAME— *Courts Prefer to Construe Contract as Providing for a Penalty.*—While it is competent for parties to agree upon a sum as compensation for a breach of a contract, which does not manifestly exceed the amount of the injury sustained, the courts have nevertheless generally refused to give a construction oppressive in its effect. Where such a state of facts has arisen, the courts have generally construed the contract to be one providing a penalty for the damage actually sustained.

3. SAME— *Where the Court Will Construe the Contract as One Affording a Penalty, Not Liquidated Damages.*—Where a contract provides for the payment of a gross sum as damages for a failure to fulfill any one of several covenants, and the damages arising from some of the breaches are uncertain and difficult to ascertain, while the damages arising from others are susceptible of easy ascertainment, the courts will construe the contract as one affording a penalty, not liquidated damages.

4. SAME— *Can Not be Construed as Creating a Penalty for One Party and Liquidated Damages for the Other.*—A contract can not be construed as creating a penalty for one party and liquidated damages for the other. Neither can it be held for some purposes to create a penalty, and for other purposes liquidated damages; it must be held to be one or the other.

5. WORDS AND PHRASES—*Penalty and Forfeiture.*—The words "penalty" and "forfeiture" are generally used as synonymous terms. *Prima facie*, the word penalty excludes the idea of stipulated or liquidated damages, and it has been held that the words "liquidated damages" are not conclusive between the parties.

Assumpsit.—Appeal from the Circuit Court of Stark County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

B. F. THOMPSON and FRANK THOMAS, attorneys for appellants.

FRANK A. KERNS and W. T. WHITING, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action of assumpsit brought by appellee against the appellants to recover damages for breach of a written contract, by which the appellant Elon Steer agreed to purchase of appellee, H. B. Brown, his hardware implement business, stock of goods and fixtures at an invoice price to be made by a competent hardware man to be selected by the parties. The contract was dated and executed August 23, 1900. The invoice was to be made December 1, 1900. When the invoice amount was determined Brown was to deliver possession to Steer, who was to pay the consideration in cash. The contract also provided that Brown, who was the owner of the premises where the business was conducted, was to lease the same to Steer for a term of three years, with the privilege of a two years extension, at a rental of $35 per month, payable in advance. Brown was to pay the taxes on the stock of goods for the year 1900, and was not to engage in the same kind of business in the city of Wyoming during the time Steer occupied the premises under the lease. The contract also provided that Brown was to assign the insurance policies upon the stock of goods to Steer upon payment of the unearned premium. It was further agreed between the parties that each should execute a note in the sum of $1,000, with good and sufficient surety, conditioned that they would each abide by and perform their several and respective agreements and undertakings; that said notes should stand as a forfeit that each should do so; that upon default of any of said agreements by either of said parties the note of the defaulting party should immediately become due and payable to the other. Steer refused to carry out the contract. Brown thereupon com-

menced this suit, declaring upon the written contract and the Steer note, which was signed by Maud King as surety. The defendants pleaded the general issue and want of consideration. Plaintiff introduced the contract and notes in evidence and proved that he was ready, willing and able to carry out his part of the contract and that Steer refused to comply. The defendants introduced no evidence. The court instructed the jury to find the issues for the plaintiff and to assess his damages at $1,000. A verdict being rendered for that amount, and motion for a new trial overruled, the court entered judgment upon the verdict. The defendants appealed. To reverse the judgment of the trial court two defenses are relied upon: first, that the note was without consideration; second, that there can be no recovery, in any event, in excess of the amount of damages established by the evidence.

Steer and Brown both executed the contract for the sale and purchase of the property therein described, and executed the notes provided for in the contract. Each note in express terms refers to the contract for the sale of the hardware business and provides that it shall be void if the payor performs his part of the contract. The contention that the note in question is without consideration is without merit. The mutual obligations, undertakings, and promises of the respective parties constitute a valuable consideration for the notes.

The notes and written agreement to which they refer must be construed together to determine the rights and liabilities of the parties. They are parts of one transaction and together constitute a single contract. The record fails to disclose that Brown, by reason of the breach of the contract, sustained anything more than nominal damages. The trial court, in instructing the jury to assess the damages at $1,000, evidently proceeded upon the assumption that the contract between the parties was one for the payment of liquidated damages. In that view of the case proof of actual damages was unnecessary. If the contract is for liquidated damages the judgment of

the trial court must be affirmed. If, upon the other hand, the contract should be construed as simply providing a penalty for the amount of damages actually sustained in the event of a breach thereof by either party, then the judgment must be reversed.

The adjudicated cases of the various jurisdictions of our land, as well as the other literature of the profession supplied by the many able text writers, recognize the difficulty of drawing the line of demarcation between liquidated damages and a penalty. However, where the parties to an agreement have expressly declared the sum to be intended as a forfeit or penalty, and no other intention is to be collected from the instrument, it will be generally so treated, and a recovery will be limited to the damages actually sustained by the breach of the covenant it was to secure. On the other hand, it will be inferred the parties intended the sum named as liquidated damages, when the damages arising from the breach are uncertain, and are not capable of being ascertained by any satisfactory or known rule, or where, from the nature of the case and the tenor of the agreement, it is apparent the damages have already been the subject of actual and fair calculation and adjustment. Gobble v. Linder, 76 Ill. 157.

While it is competent for parties to agree upon a sum as compensation for a breach of a contract which does not manifestly exceed the amount of the injury sustained, the courts have nevertheless generally refused to give a construction oppressive in its effect. Where such a state of facts has arisen the courts have generally construed the contract to be one providing a penalty for the damages actually sustained. Radloff v. Haase, 96 Ill. App. 74; Scofield v. Tompkins, 95 Ill. 190; Iroquois Furnace Company v. The Wilkin Manufacturing Company, 181 Ill. 582.

Where the question is whether the contract creates a penalty or liquidated damages for its breach it must be construed to be one or the other. It can not be held for some purposes to be a penalty and for others to be liquidated damages. Tested by the authorities above referred

to, the contract now under consideration presents some features which would incline us to the conclusion that it should be construed as creating liquidated damages. It must be admitted that from August 23d to December 1st Brown had a right to assume that Steer would comply with his contract. It might well be assumed and argued that Brown would be making plans to go into other business in the city of Wyoming, where he had resided for years, or that he might be planning to go into the same business elsewhere, which he might lawfully do under the contract. A breach of the contract by Steer on December 1st would of necessity disarrange such plans and if such were the only elements of damage to be considered in construing the contract much force of necessity would be given to the argument that the damages were uncertain and difficult of ascertainment by proof, and that the parties under such circumstances may well have been presumed to have considered all of these elements in making the contract and have agreed that the sum fixed should be considered the actual damages sustained. But there are other features of the contract to be considered. This contract can not create a penalty for one party and liquidated damages for the other. We must examine the whole scope of the possible liabilities of the parties in order to correctly construe the contract. Suppose Steer had complied with his contract in every respect, Brown had transferred the property as agreed, and had performed every part of his contract except the payment of the taxes upon the stock of goods for the year 1900, and Steer had sought to recover $1,000 for such breach of the contract upon the theory that the contract provided for liquidated damages and not a penalty; manifestly the taxes would not exceed twenty or thirty dollars; the amount could be definitely ascertained; if Brown should default in the payment of the taxes and Steer should pay them, would he have a right to recover $1,000 on this contract for the breach? We think not.

The words penalty and forfeiture are generally used as synonymous terms. *Prima facie*, the word penalty

excludes the idea of stipulated or liquidated damages; and it has been held that the words liquidated damages are not conclusive between the parties. Iroquois Furnace Company v. The Wilkin Manufacturing Company, *supra*.

The contract provides that each party shall execute a note in the sum of $1,000 to insure the performance of the several and respective agreements and undertakings specified.

Where a contract provides for the payment of a gross sum as damages for a failure to fulfill any one of several covenants, and the damages arising from some of the breaches are uncertain and difficult to ascertain, while the damages arising from others are susceptible of easy ascertainment, the courts will construe the contract as one affording a penalty, not liquidated damages. People v. Central Pacific Railroad Company, 76 Cal. 29; Iroquois Furnace Company v. The Wilkin Manufacturing Company, 181 Ill. 582.

We hold that the contract in this case should be construed as a penalty authorizing either party to recover such damages only as the evidence shows he has sustained. There being no evidence in the record to warrant an award of $1,000 the judgment of the Circuit Court will be reversed and the cause remanded.