# BRYANT T. SCOFIELD

*v.*

# AMOS W. TOMPKINS *et al.*

*Filed at Ottawa May 18, 1880.*

1. CONTRACT—*liquidated damages—construction.* The fact that the parties to a contract fix a sum to be paid and call it liquidated damages, does not always control the question as to the measure of recovery for a breach. The courts will look to see the nature and purpose of fixing the amount of damages to be paid, and if it appears to have been inserted to secure the prompt performance of the agreement, it will be treated as a penalty, and no more than the actual damages proved can be recovered.

2. Where a contract for the sale of land provided for the payment of over $22,000 by a day named, for the land, which was made a condition precedent and time made of the essence of the contract, and that in case of default in payment of the price, or any part thereof, when due, the vendor might declare the contract null and void and retain any sums of money paid, and might sue and recover from the purchaser the whole or any part of the price that might be due and unpaid, as liquidated damages, and nothing was paid and a forfeiture declared, it was held, in an action of covenant upon the agreement to recover the entire price as liquidated damages, that a demurrer was properly sustained to the declaration.

3. The parties may agree upon any sum as compensation for the breach of a contract which does not manifestly exceed the amount of the injury suffered, but when it is manifestly above that sum and the damages are such as can readily be shown, such sum so inserted in the contract will be regarded merely as a penalty to insure prompt payment or performance.

APPEAL from the Circuit Court of Cook county.

This was an action of covenant, on articles of agreement for the sale of and payment for a tract of land in Cook county, in this State. Defendants demurred to the declaration and the demurrer was sustained by the court, and plaintiff failing to plead, judgment was rendered against him in bar of the action. He prosecutes an appeal and questions the decision of the court below in sustaining the demurrer.

The articles of agreement recite that plaintiff, in consideration of one dollar paid, and the covenants and agreement of the defendants, had sold to them several blocks of ground, supposed to contain $22\frac{27}{100}$ acres, and on their performing their covenants was to convey to them.

The defendants, on their part, covenanted, in consideration of the sale, to pay plaintiff $22,770 within one year from the 26th day of June, 1869, and to pay the taxes on the land for that year. They covenanted that payment should be and was a condition precedent, and time of payment was of the essence of the contract, and if they should make default in payment of the money, or any part of it, when due under the contract, plaintiff, at his option, at any time after default, might declare the contract null and void, and might retain any sums of money which might be paid, and "may sue and recover from said parties of the second part the whole or any part of said sum of money that may be due and unpaid, as liquidated damages." Plaintiff was to retain possession and have the rents and profits until the purchase money should be paid.

The declaration avers that defendants made default in paying the money, or any part of it; but a further covenant was entered into by the parties, by which the time for payment was extended till the 28th day of September, 1870, defendants to pay ten per cent interest on the full amount of the purchase money, but it was also covenanted that this latter agreement was in nowise to alter, change or modify any of the covenants of the first agreement, except as to the time of payment, and that at the end of the extended time the defendants were still in default; that plaintiff tendered a deed to

defendants for the conveyance of the land, duly executed and acknowledged, and demanded payment of the purchase money, but it was not paid.

The declaration further avers that plaintiff served defendants with a written notice that if the purchase money was not paid by the 25th day of October, 1870, the contract would be declared forfeited, and that plaintiff would proceed to collect the amount remaining unpaid as liquidated damages; that the money, or any part thereof, was not paid, and the contract was declared forfeited.

Mr. C. M. HARRIS, for the appellant:

The demurrer should not have been sustained, because, as appears from the declaration, the plaintiff should recover as liquidated damages the amount therein claimed as such. *Smith* v. *Whittaker*, 23 Ill. 367; *Stephens* v. *Coffeen*, 39 id. 148; Bouv. Law Dict. vol. 2, p. 86; *Knapp* v. *Mattly*, 13 Weed, 587; *Bagby* v. *Peddie*, 16 N. Y. 469; *Catheal* v. *Talmage*, 9 id. 551; *Leland* v. *Stone*, 10 Mass. 462; *Chadwick* v. *Marsh*, 1 Zabr. 463; Sedg. on Damages, 405 note, 408, etc., 421 and note, 411; *Reilly* v. *Jones*, 1 Bing. 302; *Slosson* v. *Beadle*, 7 Johns. 72; *Hasbrouck* v. *Tappan*, 15 Johns. 200.

Per CURIAM: The question presented by this demurrer is whether the $22,770 named in the agreement as the price of the land, and also as liquidated damages in case that sum was not promptly paid, may be recovered, or only such damages as can be shown to have been actually sustained by breach of the agreement.

Appellant has the land, and by this action seeks to recover its full price and also retain the land. It is manifest that his actual loss can not be equal to the value of the land. If it was worth nothing, then appellees agreed to pay this large sum for what was of no value. If it was worth that sum, then appellant has land of that value, unless its market price has depreciated. And if depreciated, then his loss is only

commensurate with the depreciation. It is, therefore, clear that his loss is not equal to the sum named as liquidated damages.

The fact that the parties fix a sum to be paid and call it liquidated damages, does not always control the question as to the measure of the recovery for the breach of the contract. Courts will look to see the nature and purpose of fixing the amount of damages to be paid. And if the clause fixing the amount of the damages appears to have been inserted to secure prompt performance of the agreement, it will be treated as a penalty, and no more than the actual damages proved can be recovered.

It is said in Sedgwick on Meas. Dam. 492: "But in the case we are now considering, the courts, especially in this country, have generally shown a marked desire to lean towards that construction which excludes the idea of liquidated damages, and permits the party to recover only damages which he has actually sustained. The language of the contract is not controlling. If, indeed, the word 'penalty' be used, as we shall see hereafter, it will never be construed as a sum absolutely fixed. But the reverse is by no means the case; and the phrase, '*liquidated damages,*' has often been made to read '*penalty.*'"

That author further says, p. 493: "If, from the nature of the agreement, it is clear that any attempt to get at the actual damage would be difficult, if not vain, then the courts will incline to give the relief which the parties have agreed on. But if, on the other hand, the contract is such that the strict construction of the phraseology would work absurdity or oppression, the use of the term liquidated damages will not prevent the courts from inquiring into the actual injury sustained and doing justice between the parties." The weight of the authorities sustains these propositions.

The language in this character of contracts is no more explicit or emphatic for paying the sum named than is the penalty of a bond. And all know such penalties are never

enforced, but simply the actual damage sustained, if less than the amount of the penalty. The same reasons may and frequently do exist for holding, under such an agreement as this, that no more than the actual damage shall be recovered, as in cases of penal bonds.

When to enforce such an agreement would work great hardship and oppression, it should never be enforced. In this case no inconvenience is perceived in proving the actual damages appellant has sustained. And it would be highly unjust and oppressive to permit a recovery of such a large sum when the actual damages do not exceed, if they reach, one-twentieth part of the amount claimed. Why allow perhaps more than twenty thousand dollars, or even more, than the loss sustained? If it be said it is the contract of the parties, it may be replied it is no more so than is a penal bond.

All the circumstances considered, it would seem incredible to believe that sane parties could have understood and intended to pay as damages $22,770, simply for a failure to pay that sum of money on a specified day, and permit the owner to hold the land free from all claim on their part, simply to give the greater part, and it may be all, to him without any consideration or benefit in the smallest degree commensurate to this large sum. To so believe would be absurd, and it would be highly oppressive to so hold.

To give the language in this case the construction that it is absolute and must be carried out literally, would work the same wrong and oppression that was originally produced by enforcing payment of penal bonds. And for the same reasons this should not be enforced. But appellant should be left to recover such damages only as he can prove he has sustained by reason of the breach of the contract.

It is true, the parties are authorized to agree upon any sum as compensation for the breach of the contract, which does not manifestly exceed the amount of the injury suffered. This

is believed to be the doctrine of the courts and to be well sustained by authority.

· In this case it is manifest that the sum fixed is above, and greatly above, all damage that could have been sustained by the breach of this contract. And we must hold that it was inserted as a penalty to secure prompt payment, and intended to be paid absolutely in case of failure to pay for the land on the day specified and on the contract being rescinded./

The judgment of the court below must be affirmed.

*Judgment affirmed.*