OTTO RADLOFF

*v.*

OTTO HAASE.

*Opinion filed April 16, 1902.*

1. CONTRACTS—*when amount agreed to be paid for breach of contract is not controlling.*  In the absence of a specific statement that the amount agreed to be paid for breach of contract shall be liquidated damages, or even in cases where it is so stated, if the actual damages can be readily ascertained and it would be obnoxious to reason to enforce the provision, courts will regard the amount stated as a penalty, and limit the recovery to actual damages sustained.

2. SAME—*when case for breach of contract must go to the jury.*  If the evidence tends to show a breach of a legal contract the plaintiff is entitled to have his case submitted to the jury, and it is error for the court, in such case, to direct a verdict for the defendant.

*Radloff* v. *Haase,* 96 Ill. App. 74, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

J. HENRY KRAFT, for appellant.

A. G. DICUS, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an action of debt, brought in the superior court of Cook county by appellant, against appellee, laying damages in the sum of $5000 for a breach of the following contract entered into between the parties:

"For and in consideration of the payment to me of the purchase money of $1400, it is hereby stipulated and agreed by and between the parties, and especially covenanted by Otto Haase, that for and during the period of the next five years he will not commence, start or run what is known as a 'bakery' business; that he will not engage in said business, either by himself or by agents, within a radius of five blocks from 442 North Ashland avenue, being the premises sold by me and purchased this day by Otto Radloff; and I, the undersigned, Otto Haase, hereby agree to pay to the said Otto Radloff the sum of $2000 in case above agreement shall be violated by me, unless the said Otto Radloff shall give consent to me to commence or start a bakery business within a radius of five blocks, both east, west, north or south of said 442 North Ashland avenue.

"In witness whereof I have hereunto set my hand and seal this 7th day of February, A. D. 1894.

OTTO HAASE. [Seal.]"

The case was brought in the superior court of Cook county, and after plaintiff had put in all of his evidence and rested, on motion of counsel for defendant the court instructed the jury to find the issues for the defendant. Appellant appealed to the Appellate Court for the First District, which affirmed the judgment of the trial court, and he now brings this case here for review.

It appears from the evidence that at about the date of the above contract appellee sold to appellant his bakery business for the sum of $1400, which was paid, and the latter carried on that business until about the first of September, 1896, when he sold out to Frank Hoffman, who thereafter continued the business for about a year, when he sold out, both of these sales being made, so far

as the evidence shows, without any reference to the agreement between appellant and appellee. As soon as appellant sold out to Hoffman he left Chicago, and at the time of the trial was in the west,—just where does not appear,—and it nowhere appears that he has, since leaving Chicago, returned or made any attempt to carry on the bakery business at any place. In the fall of 1897 appellee again engaged in the bakery business across the street from No. 442 North Ashland avenue, which is within the prohibited territory mentioned in the agreement. There is no evidence that he obtained appellant's consent to again engage in this business. There is no evidence in the record tending to show that appellant has sustained any actual damages by reason of the breach of the agreement. On September 1, 1896, appellant gave his attorney in this case a power of attorney authorizing him to bring suit upon and enforce the conditions of said agreement, and to collect any benefit or advantage arising therefrom, and any amount that might become due or be recovered by virtue of the agreement.

The only question presented to us for consideration is, that the trial court erred in directing a verdict for defendant below, appellant's chief contention being that the contract in question is a contract providing for a penalty, and not for liquidated damages, and proof of actual damages was not necessary.

By the terms of the contract we cannot determine whether it was in the minds of the parties that the sum named should be regarded as liquidated damages or as a penalty by which the maximum recovery should be limited, as no expression is used therein designating its character. It seems that in the absence of a specific statement that the amount named shall be as liquidated damages, and in cases where it is so stated if the actual damages can be readily ascertained or if it would be obnoxious to reason to enforce it, the tendency of the courts is to regard the amount stated as a penalty and limit the recov-

ery to the actual damages sustained. We find the clearest illustration of the rules of law applicable to contracts containing terms of liquidated damages and of penalties laid down in the three cases of *Scofield* v. *Tompkins*, 95 Ill. 190, *Poppers* v. *Meagher*, 148 id. 192, and *Iroquois Furnace Co.* v. *Wilkin Manf. Co.* 181 id. 582. In *Iroquois Furnace. Co.* v. *Wilkin Manf. Co. supra*, we said (p. 604): "If the amount agreed to be paid for breach of the contract greatly exceeded the actual damages suffered by the appellant, * * * that is to say, if the amount agreed to be paid is out of proportion to the probable damages sustained, the court will be disposed to treat the stipulated sum as a penalty." And in *Scofield* v. *Tompkins, supra,* on page 193, quoting from Sedgwick on Measure of Damages, we' said: "The courts, especially in this country, have generally shown a marked desire to lean towards that construction which excludes the idea of liquidated damages and permits the party to recover only damages which he has actually sustained. The language of the contract is not controlling. If, indeed, the word 'penalty' be used, as we shall see hereafter, it will never be construed as a sum absolutely fixed. But the reverse is by no means the case, and the phrase '*liquidated damages*' has often been made to read '*penalty.*'"

Whether the term "liquidated damages" is used or not, the idea of the courts is to ascertain, if possible, the actual damages sustained, and if it is possible to ascertain the actual damages, or if the amount of liquidated damages mentioned in the contract is exorbitant, the court will construe the amount as a penalty, rather than as liquidated damages. It is said in the *Scofield case, supra,* that the phrase "liquidated damages" has often been made to read "penalty" if the strict construction of the phraseology would work oppression upon the obligor, or, if the enforcement of the contract would be unconscionable, the courts will then construe the amount named in the contract as a penalty. And it seems from

all the cases that, whatever may be the wording of the contract, the courts will admit evidence as to whether or not the strict enforcement of its provisions would work a hardship upon the obligor. In the case at bar it seems that Radloff had moved out west, and that his successor in the business did not have in view any provision of the contract between appellant and appellee when he succeeded appellant in business. If the contract could be construed as providing for liquidated damages, then, had appellee begun business but one day before the expiration of the stated terms, he would have been liable to appellant for the full $2000. It appears from the evidence that appellant, as a matter of fact, has not been engaged in the bakery business at Chicago a single day since appellee re-entered the restricted territory, nor has he been in any way injured by the action of appellee again commencing business within the prescribed territory, and to construe this contract as liquidated damages would work absurdity and oppression and be in conflict with all the adjudged cases in this State.

Notwithstanding our interpretation of the contract we think the trial court erred in directing the jury to find a verdict for appellee. The contract was legal and the evidence tended to establish a breach of it. Appellant was entitled to have his case submitted to the jury, and if they found a breach appellant was entitled to nominal damages at least, which could carry costs. (1 Sutherland on Damages, sec. 1.)

The judgments of the superior court of Cook county and of the Appellate Court are reversed, and the cause is remanded to the superior court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*