298    APPELLATE COURTS OF ILLINOIS.

VOL. 115.] County of Mercer v. Stupp Bros. Bridge & Iron Co.

---

## County of Mercer, et al., v. Stupp Bros. Bridge & Iron Company, a corporation.

### Gen. No. 4.369.

1. FORFEITURES—*construction of contracts pertaining to.* The disposition of the courts has been to construe such contracts as far as possible so as to prevent injustice and oppression, and to do this they have been frequently compelled to put a construction upon such contracts which is not in harmony with the language used by the parties themselves.

2. FORFEITURES—*construction of contracts pertaining to.* Courts

County of Mercer v. Stupp Bros. Bridge & Iron Co.

have never hesitated to hold that where the amount to be paid was called in the contract liquidated damages, it meant penalty, where it appeared that the stipulated sum was greatly in excess of the amount that would constitute just compensation; but where the amount to be paid is called a penalty, the weight of authority seems to be that it must be so treated and recovery limited to actual damages.

DIBELL, J., dissenting.

Action of assumpsit. Appeal from the Circuit Court of Mercer County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

GRAHAM & BURGESS, for appellants.

BASSETT & CARLSTROM, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Appellee entered into a written contract with appellants to construct a bridge for them across a certain stream in Mercer county for the sum of $1,370. One of the provisions of the contract was as follows: "The conditions of this contract are such that the Stupp Bros. Bridge & Iron Co., through their agent, R. L. Miller, agrees to pay a penalty of $5 for each day the bridge is not completed after the 1st day of January, 1903." The bridge was not completed till January 20. It was accepted by appellants as having been built according to contract so far as workmanship and materials were concerned, but they claimed the right to and did deduct from the contract price the sum of $100 under the provisions of the contract above quoted. Appellee thereupon brought this suit for the balance and recovered judgment therefor, from which this appeal is prosecuted.

The main question to be determined is whether the $5 per day, mentioned in the contract, is to be construed to be a penalty as denominated in the contract, or is to be treated as liquidated damages. The trial court construed it as a penalty, and if that construction was correct, then we are of opinion the judgment must be sustained. If it is to be construed as liquidated damages, then the judgment must be reversed. There is no lack of authority

300    APPELLATE COURTS OF ILLINOIS.

VOL. 115.] County of Mercer v. Stupp Bros. Bridge & Iron Co.

upon the question, for it has been the subject of much liti-
gation and many learned decisions are to be found where
the subject has been elaborately discussed. The difficulty
is in applying the principles announced to the facts of the
particular case. The disposition of the courts has been to
construe such contracts as far as possible so as to prevent
injustice and oppression, and to do this they have been
frequently compelled to put a construction upon such con-
tracts which is not in harmony with the language used by
the parties themselves. They have been compelled to say,
in such cases, that the parties to the contract did not mean
what they said. This has most frequently occurred in
cases where the sum agreed to be paid was denominated
"liquidated damages," and the courts have held that this
was meant as a "penalty" and that instead of the parties
in default being required to pay the sum nominated with-
out proof of damages, it should be treated as a penalty or
security that the defaulting party would pay whatever
damages resulted from the default, and the actual damages
sustained would be the measure of recovery and must be
proven on the trial. In the decision of these questions
courts have not adhered very closely to the rule that they
should not make contracts for the parties. It would seem
when the parties agreed between themselves that the
amount to be paid upon a default should be liquidated
damages, or penalty, except in extraordinary cases, the ex-
pressions of the parties as to what the sum to be paid
should be considered, would govern, and there would be
nothing left for construction. In many instances, how-
ever, it was found that under the guise of liquidated
damages, oppressive and unconscionable sums, utterly dis-
proportionate to real damages, were being collected and
sought to be collected, and to prevent such extortion, courts
assumed to determine what the parties meant by the use
of the language in the contract. Naturally this has led to
some confusion, so that it cannot be said that the author-
ities are entirely harmonious. "Whether a sum named in
a contract to be paid by a party in default on its breach is

County of Mercer v. Stupp Bros. Bridge & Iron Co.

to be considered liquidated damages or merely a penalty, is one of the most difficult and perplexing inquiries encoun. tered in the construction of written agreements." Willson v. Mayor, etc., 83 Md. 203. In Crisdee v. Bolton, 2 C. and P. 240, it was said: "The law relative to liquidated damages has always been in a state of great uncertainty. This has been occasioned by judges endeavoring to make better contracts for parties than they have made for them-selves." Courts have never hesitated to hold that where the amount to be paid was called in the agreement liqui-dated damages, it meant penalty, where it appeared that the stipulated sum was greatly in excess of the amount that would constitute just compensation. "Actual compensa-tion being the favorite as it is the fundamental principle of the law governing redress for civil injuries," it is laid down by the text writers on damages that even though an exact and stipulated sum was agreed to be paid, if it was not based upon and substantially limited to just compensa-tion it would be treated as a penalty. 19 Am. & Eng. Ency. of L., 399; 1 Suth. 483.

It will be observed that the sum mentioned in the con-tract here under consideration is by the parties themselves termed a penalty, but it is argued that the same rule of con-struction announced by the courts in determining that the parties meant "penalty" where they used the words "liqui-dated damages," authorizes the construction that they meant "liquidated damages" where they used the word "penalty." We do not think this necessarily follows. It will be seen by an examination of the adjudicated cases, that although in a few instances a sum denominated as a penalty has been construed to mean liquidated damages, yet those in-stances are rare compared with the number of cases where liquidated damages has been construed to mean penalty. The reason for this is said to be that the law does not favor forfeitures, and its tendency has always been to regard a stated sum as a penalty because the recovery would then be limited to actual damages sustained. Shute v. Taylor, 5 Met. 61; Wallis v. Carpenter, 13 Allen, 19; Cheddick v.

302     APPELLATE COURTS OF ILLINOIS.

VOL. 115.] County of Mercer v. Stupp Bros. Bridge & Iron Co.

Marsh, 21 N. J. L. 463. Indeed it is said in Sedgwick on the Measure of Damages, page 492, that the word "penalty" will never be construed as a sum absolutely fixed, while the phrase "liquidated damages" is often construed to mean penalty. See also Tayloe v. Sandiford, 7 Wheat. 17.

"A bond is *prima facie* a penal obligation; but the sum stated where a penalty is usually inserted has sometimes been held liquidated damages. This has seldom been done, however, unless some words were employed in connection with that sum to countervail the implication of penalty. And where the parties in another form of contract, designate the stated sum penalty, or characterize it by some other equivalent words, it is an indication that a penalty, in a strict or technical sense, is intended." First Suth. on Damages, 489. If we attempt to say because in the nature of things it would ordinarily be difficult, if not impossible, for parties in the position of appellants here to prove actual damages, therefore the sum named should be considered and treated as liquidated damages, we come in conflict with the rule often announced, that in order to constitute the sum named liquidated damages, it must be based on and not at variance with the rule of just compensation. True, courts have been favorable to the construction that the stipulated sum meant liquidated damages where it was so denominated in the contract and the actual damages were difficult of ascertainment, yet that rule can hardly be controlling where the parties themselves have agreed that the sum named is a penalty. Sutherland in his work on Damages, vol. 1, page 512, says: "All doubts as to the justice of the stipulated sum, or as to the actual intentions of the parties, will be resolved by treating it as a penalty." We are of opinion that this contract would as reasonably admit of the construction that the sum named to be paid upon a failure to complete the structure within the time agreed upon, was as much intended to secure the speedy and prompt performance of the contract to build it, as to provide indemnity against loss or damage if it was not completed within the time agreed upon, and for that rea-

County of Mercer v. Stupp Bros. Bridge & Iron Co.

son the court would not be warranted in treating the sum named as liquidated damages. In Scofield v. Tompkins, et al., 95 Ill. 190, it was said: "And if the clause fixing the amount of the damages appears to have been inserted to secure prompt performance of the agreement, it will be treated as a penalty, and no more than the actual damages proved can be recovered." The parties themselves having denominated the stipulated sum a penalty, does it so clearly appear that they did not mean it, but meant it to be liquidated damages, that we should place that interpretation upon it? We think not. In the first place, if they intended it for liquidated damages there is no apparent reason why they should not have said so, and it is not the province of the courts under the pretext of construing contracts, to make contracts for parties. "A court of law possesses no dispensing power; it cannot inquire whether the parties have acted wisely or rashly in respect to any stipulation they may have thought proper to introduce into their agreements. If they are competent to contract, within the prudential rules the law has fixed as to parties, and there has been no fraud, circumvention or illegality in the case, the court is bound to enforce the agreement." Dakin v. Williams, 17 Wend. 447. In Tayloe v. Sandiford, *supra*, it was said by Mr. Chief Justice Marshall: "Much stronger is the inference in favor of its being a penalty when it is expressly reserved as one. The parties themselves denominated it a penalty; and it would require very strong evidence to authorize the court to say that their own words do not express their own intention." In Smith v. Wainwright, 24 Vt. 97, the court say: "It is expressly declared to be a penalty in the contract itself, which, although not conclusive altogether, seems to be regarded as nearly so." In the second place the law favors the construction that regards the stated sum as a penalty, and resolves all doubts in favor of so treating it. 19 Am. & Eng. Ency. of L., 397; Radloff v. Haase, 196 Ill. 365; Hennessy v. Metzger, 152 Ill. 505. Under these rules, whatever may have been said in particular cases, a court is

304     APPELLATE COURTS OF ILLINOIS.

VOL. 115.] County of Mercer v. Stupp Bros. Bridge & Iron Co.

not authorized in this case, to hold that the parties meant liquidated damages by the use of the word penalty.

We do not understand Iroquois Furnace Co. v. Wilkin Mfg. Co., 181 Ill. 582, cited, and much relied on by appellants, to be in conflict with the views herein expressed. In that case the stipulated sum was referred to in the agreement "as liquidated damages for any delay which shall ensue after said first of April." . A recital in the preamble states that "said purchaser is desirous that said contract shall contain a penalty in the nature of stipulated damages." The Supreme Court held the sum mentioned was intended as a penalty and not liquidated damages.

If, as we hold the law to be, the stipulated sum in the contract must be considered what the parties themselves say it is, a penalty, then the court properly sustained the demurrer to the special plea, and as no competent proof of damages was offered, properly directed a verdict for appellee, and the judgment of the Circuit Court is affirmed.

*Affirmed.*

MR. JUSTICE DIBELL, dissenting.

In this state when a question arises whether a sum named in such a contract is to be treated as a penalty or as liquidated damages, the effort of the court is "to get at the true intent of the parties and to do justice between them." Hennessy v. Metzger, 152 Ill. 505; Gobble v. Linder, 76 Ill. 157. It is obvious that the defendants, the county and the town, as municipalities, could not sustain any damage by reason of the failure to complete this bridge at the date fixed by the contract. There was a serious interruption of travel. This bridge was on the main line of travel between certain villages, and people were hauling coal at that time of the year from certain coal mines to their homes. This was the regular line of travel for heavily loaded teams. They could not pass over this route while the new bridge was in course of construction. There was another road three-quarters of a mile west, but that road was not only out of the regular line of travel but also it passed over hills where as heavy loads could not be drawn

as on the highway where this bridge is located. The parties must be presumed to have contracted in view of the fact that no substantial damages could be suffered by the municipal corporations themselves by delay in erecting the bridge, while those members of the communities they represented who had occasion to do heavy teaming over that road would be seriously inconvenienced by such delay. This was not a mere formal clause. The contract when signed contained no such provision. The clause here in question was written below the signatures to the contract, and the second signature of the bridge company was then added. It would be a violent presumption to suppose that when, after the contract had been signed, the parties took the trouble to add this specific clause, to wit, "The conditions of this contract are such that the Stupp Bros. Bridge and Iron Co., through their agent, R. L. Miller, agrees to pay a penalty of five dollars for each day the bridge is not completed after the first day of January, 1903," they did this merely to entitle the county and the town to the right to recover one cent as damages for any delay, no matter how protracted, in the completion of the bridge after the period given by the contract for its construction. On the contrary, in view of the fact that the county and town as such would suffer no substantial damages by such delay, but that the public would, it seems to me obvious that the parties intended by this clause to fix a definite sum as agreed and liquidated damages for any such delay. The contract price to be paid for the bridge was $1,370. The sum of $5 for each day's delay was entirely reasonable as liquidated damages, and yet was sufficient to have a tendency to induce the builders to keep their contract.

Most of the cases on this subject are where the contract had prescribed an unconscionable sum as liquidated damages, and the courts, to avoid an injustice, construed the sum named as really intended as a penalty, and confined the aggrieved party to compensation. It is clear that, where no reason for holding to the contrary appears, the courts always incline to construe such provisions as a pen-

306    APPELLATE COURTS OF ILLINOIS.

VOL. 115.] County of Mercer v. Stupp Bros. Bridge & Iron Co.

alty only, and not as liquidated damages, no matter what words are used; and in some of the earlier of such cases it has been said the courts would never construe the word penalty to mean liquidated damages. An early edition of Sedgwick on the Measure of Damages is quoted to that effect in Scofield v. Tompkins, 95 Ill. 190. But in the eighth edition of that work, vol. 1, sections 406, 408, it is laid down that the mere use of the words penalty, penal, or forfeit, on one side, or stipulated damages on the other, will not decide the question, and that where the intention of the parties is allowed to govern, there is no reason why the use of a particular word should be of conclusive force, but in such case the inquiry is whether the parties intended the sum to be accepted as compensation. This abandonment of the former rule that the word penalty would never be construed to mean liquidated damages, is recognized in Iroquois Furnace Co. v. Wilkin Mfg. Co., 181 Ill. 582, where it is said that though the word penalty *prima facie* excludes the notion of stipulated damages, yet " the use of the word ' penalty,' or the words ' liquidated damages,' is not conclusive." In Gobble v. Linder, *supra*, the court said : " Where the parties to the agreement have expressly declared the sum to be intended as a forfeiture or penalty, and no other intent is to be collected from the instrument, it will generally be so treated, and the recovery will be limited to the damages sustained by the breach of the covenant it was to secure. On the other hand, it will be inferred the parties intended the sum named as liquidated damages where the damages arising from the breach are uncertain, and are not capable of being ascertained by any satisfactory and known rule, or where, from the nature of the case and the tenor of the agreement. it is apparent the damages have already been the subject of actual and fair calculation and adjustment." In the case at bar the parties used the word penalty, but I am of opinion another intent is to be collected from the instrument. This clause was added after the contract to build the bridge had been signed. This makes it obvious that the authori-

ties of the county and town who executed the contract considered such a clause important enough to require it to be written under the contract and signed again. The contracting municipal corporations could not suffer any actual damages. If we construe the word used to mean a penalty merely, the added clause would only give them the right to one cent as damages for delay, which sum they could have recovered for a breach of the original contract, if this clause had not been added. I am of opinion that the parties would not have taken the trouble to add that clause for such a purpose. They meant something more. I think it obvious they intended thereby to calculate, adjust and fix the actual damages which the builders should pay for such delay. The word used in the contract should more readily yield to the real intention of the parties where a reasonable daily sum is fixed, than where one gross sum is named for all delay, brief or protracted.

Therefore, I am of opinion the court erred in sustaining the demurrer to the special plea, setting up this clause and the breach thereof, and that the judgment ought not to stand.