PETER R. WESTFALL

*v.*

JOHN A. ALBERT *et al.*

*Opinion filed October 24, 1904.*

1. BONDS—*when plea of non damnificatus is proper.* In an action on a bond which does not show on its face whether it is a penal or an indemnifying bond, a plea of *non damnificatus* is proper in order to permit the introduction of extrinsic evidence to enable the court to ascertain the intention of the parties.

2. SAME—*when the court will look to the intent of the parties.* Where a bond for a specified amount is to be void if the obligor performs a certain act, otherwise to remain in full force, the court may look to the intent of the parties to determine whether the bond is a contract of indemnity or for the payment of a liquidated sum.

3. SAME—*when only actual damages are recoverable.* If the purpose of the parties to a bond in fixing the amount of damages to be paid is merely to secure prompt performance of the agreement the bond will be treated as a penal one, and no more than actual damages are recoverable in case of a breach.

*Westfall* v. *Albert,* 107 Ill. App. 51, affirmed.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

The Appellate Court for the First District affirmed a judgment of the circuit court of Cook county for the costs of suit in an action by appellant against appellees. The action was in debt, on the following bond:

"Know all men by these presents, that we, John A. Albert and Charles C. Heisen, both of the city of Chicago, county of Cook and State of Illinois, are holden and bound unto Peter R. Westfall, in the city of Chicago, county of Cook and State of Illinois, aforesaid, in the sum of $5000, to the payment of which to said Westfall, his executors, administrators and assigns, we hereby jointly and severally bind ourselves, our heirs, executors, administrators and assigns.

"The condition of this obligation is such, that whereas said Albert has leased from the first day of June, 1895, to the first day of May, 1896, the following described premises, to-wit: (description;) and whereas, he is desirous of erecting thereon a bathing establishment, driving certain piles into the ground therefor, and making other alterations and improvements in furtherance of the promotion of said bathing establishment; and whereas, said Peter R. Westfall claims to own or hold some right, title or interest in said premises:

"Now, therefore, said Albert covenants and agrees that he will remove, or cause to be removed, off and from said premises hereinbefore described, all erections, piling or improvements of all kind that he shall hereafter erect upon said premises, before or by the expiration of the term of his said lease of said premises, and will restore said premises to the same condition they were in at the date of said lease, the same to be done at his own cost and expense. That in such case this obligation shall be void and of no effect, otherwise shall remain in full force.

"In witness whereof, we, the said John A. Albert and Charles C. Heisen, have hereunto set our hands and seals this 7th day of June, A. D. 1895.          JOHN A. ALBERT,     (Seal.)
                                           CHARLES C. HEISEN.   (Seal.)"

The first count of the declaration set out the legal effect of the bond and averred a breach of the same by Albert. The second set out the bond *in hæc verba,* and alleged the termi-

nation of the lease and non-compliance by defendant Albert with its conditions. A general demurrer to the declaration being overruled, the defendants filed several pleas, to each of which demurrers were sustained. They elected to stand by their pleas, and judgment was entered against them for the full amount of the penalty named in the bond. That judgment was reversed by the Branch Appellate Court for the First District, which held the first and fourth additional pleas good and remanded the cause to the circuit court, (86 Ill. App. 576,) where it was re-docketed and the demurrer to those pleas overruled. Plaintiff thereupon elected to stand by his demurrer to said first and fourth additional pleas, and judgment was rendered against him for costs. On his appeal to the Appellate Court for the First District the judgment of the circuit court was affirmed by the principal court on the ground that the judgment of the Branch Appellate Court was *res judicata* on the question presented by the latter appeal. From that judgment of affirmance the present appeal is taken.

GAGE & DEMING, and S. A. & W. G. FRENCH, for appellant.

PENCE & CARPENTER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The only question presented for our decision is whether or not the circuit court erred in overruling the demurrer to the said first and fourth additional pleas. The first sets out the bond *in hæc verba*, and avers that the plaintiff has not been damaged. The fourth alleges that the bond was given in obedience to an order of court in a chancery suit between the plaintiff, Westfall, and one Huntington and the defendants, by which it was ordered that the injunction theretofore issued in that case be dissolved on condition that "said Albert give bond, with security to be approved by the court, in the penal sum of $5000, that he will remove, or cause to be re-

moved, off and from the premises described in the lease, in his answer herein filed and referred to, all erections, piling or improvements of all kinds that have been or may be placed thereon by him, and to restore said premises to the same condition they were in at the time of said lease, within the term of said lease, at his own cost and expense," etc.; that said bond was a penal bond for the indemnifying of the plaintiff, Westfall, concluding with *non damnificatus.* The only ground of demurrer to these pleas is, that they are not good as a defense to the action.

The rule is, that where the conditions of a bond are merely to indemnify the obligee, a plea of *non damnificatus* is good, but if the bond is not one to indemnify him against damages, but is an affirmative covenant to do a specific thing, liability must be adjudged notwithstanding no loss results from the non-performance, and hence the plea of no damage is bad. (3 Ency. of Pl. & Pr. 663, and cases cited in note 1.) The decision, therefore, in this case, must turn upon the question, to which class does the bond sued on belong? It must be conceded the question cannot be determined from the face of the bond itself, it being strictly neither a penal bond nor one for the payment of liquidated damages. It is the duty of the court, in such case, to place itself, as nearly as it can from all the facts and circumstances of the case, in the position of the parties, and by construction of the bond determine what the intention of the parties thereto was. The same general rule applies to the construction of a bond as to other contracts, in which the intention of the parties, "to be ascertained from the words employed, the connection in which they are used and the subject matter in reference to which the parties are contracting, must control, and courts are powerless to interpolate terms and conditions into the contract to which the minds of the parties have not given assent. Courts will, however, look to the entire instrument, and, if possible, give such construction that each clause shall have some effect and perform some office, and for this purpose will, so far as practi-

cable, view the contract from the position of the parties at the time it was made, in order to understand their language in the sense in which it was used. Such construction will be adopted, if it can consistently and reasonably be done, as will render the whole contract operative." (*Hayes* v. *O'Brien,* 149 Ill. 403, and authorities cited.) In order that extraneous evidence be admitted under this rule, it is necessary that there should be a plea upon which to base it, and for this reason, if no other, the first and fourth additional pleas were proper.

The controlling question, however, in the case must be whether the sum named in the bond is to be regarded as a penalty or as stipulated damages for the failure of the defendants to perform its conditions. Courts have encountered much difficulty in determining similar questions in the various cases which have arisen in this country and in England. In Sedgwick on the Measure of Damages (6th ed. p. 505,) the author says: "Our courts will be found generally inclined to treat a fixed sum as a penalty and to hold the real damages are to be inquired into." And after citing numerous cases and commenting upon the same, he says (p. 514): "On a review of the cases the following principles seem deducible from them as those which are to govern whenever a question of the kind considered in this chapter is presented: First, that the language of the agreement is not conclusive, and that the effort of the tribunal will be to get at the true intent of the parties and to do justice between them; second, that when the agreement is in the alternative to do some particular thing or pay a given sum of money, the court will hold the party failing to have had his election and compel him to pay the money; third, that in case of an agreement to do some act, and upon failure to pay a sum of money, the court will look into the intent of the parties; that no particular phraseology will be held to govern absolutely, but that, although the term 'liquidated damages' will not be conclusive, the phrase 'penalty' is generally so, unless controlled by some other very strong consideration; fourth, that if the sum be

evidently fixed to evade the usury laws or any other statutory provision, etc., it will always be held a penalty; and fifth, that where, independently of the stipulation, the damages would be wholly uncertain and incapable or very difficult of being ascertained except by mere conjecture, there the damages will be usually considered liquidated if they are so denominated in the instrument." The third of the foregoing rules would seem to be applicable to the present case.

In *Peine* v. *Weber,* 47 Ill. 41, the language of the contract was, "and in case the said parties of the second part fail to deliver possession of the premises hereby demised to the said Weber, or his legal representatives, on the second day of June, 1866, then they hereby agree to pay to said Weber, or his legal representatives, the sum of $500 as fixed, settled, computed and liquidated damages," and in holding the stipulated amount reasonable as liquidated damages, we said (p. 46) : "The appellant admits the authorities are conflicting as to how such words are to be regarded in a contract as are here used,—whether they are to be held strictly as liquidated damages, to be recovered at all events, or as merely a penalty, and the damages to be graduated within the penalty. * * * These and all other authorities show that each case must depend on its own peculiar and attendant circumstances. It is not denied it is entirely competent so to contract, and the facts proved in this case show it was one peculiarly fitted for such a stipulation. * * * The intention of the parties in such as in all other cases of contract must govern as to its construction. Courts have considered a stipulated sum as a penalty, merely, for the reason that from the whole contract it appeared such must have been the real meaning of the contracting parties, as where a specific pecuniary payment is secured by a larger sum. But when such a provision has reference only to uncertain damages, and the case shows serious damage might have been incurred, as in this case, and no fraud has been used in procuring the stipulation to be inserted in the contract, it becomes

a matter with which courts cannot interfere and furnishes the only measure of damages. (*Lowe* v. *Perrs,* 4 Burrow, 2225.) Unless there is good ground for it, a court cannot declare a stipulated sum, which the parties themselves have said shall be the amount of damages, to be a penalty, merely." See, also, *Gobble* v. *Linder,* 76 Ill. 157.

Referring to the principles announced by Sedgwick, *supra,* we held in *Scofield* v. *Tompkins,* 95 Ill. 190, that the fact that the parties to a contract fix a sum to be paid and call it liquidated damages does not always control the question as to the measure of recovery for a breach; that the courts will look to see the nature and purpose of fixing the amount of damage to be paid, and if it appears to have been inserted to secure the prompt performance of the agreement it would be treated as a penalty, and no more than the actual damages proved can be recovered. The same doctrine is recognized in *Poppers* v. *Meagher,* 148 Ill. 192, *Goodyear Co.* v. *Selz, Schwab & Co.* 157 id. 186, *Iroquois Furnace Co.* v. *Wilkin Manf. Co.* 181 id. 582, and *Radloff* v. *Haase,* 196 id. 365.

The theory of the law is, generally, that in cases of this class compensation shall be the rule for the assessment of damages, for the reason that its application works justice between the parties. The bond sued on in this case, as we have said, does not expressly stipulate for the payment of the $5000 as liquidated and ascertained damages, and in view of the allegation that it was given in pursuance of the order of the court of chancery to "execute a penal bond," and of the fact that the several things which the obligors covenanted to perform were of such a character as that any damages which the obligee might sustain by the breach were capable of easy ascertainment, we think it should be construed merely as a contract of indemnity. Certainly, it is not such an obligation for the absolute payment of the large penalty of $5000 as ought to preclude the defendants from raising the question, by their pleas of *non damnificatus,* whether or not it was intended merely as a contract of indemnity and not for the

payment of a liquidated sum. The bond being open to construction, they had the right to insist upon its being treated as a penal bond, under which only the actual damages sustained could be recovered.

We are of the opinion that the circuit court committed no error in overruling the demurrer to the defendants' first and fourth additional pleas, and the judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*