## DEFAULT IN CONSTRUCTION OF TRACKS UNDER A STREET RAILWAY FRANCHISE.

Circuit Court of Lorain County.

CITY OF ELYRIA v. THE CLEVELAND, SOUTHWESTERN & COLUMBUS RAILWAY CO. AND THE FIDELITY & DEPOSIT COMPANY OF MARYLAND.

Decided, October 14, 1912.

*Surety Bonds—When Provision for Liquidated Damages Treated as Penalty.*

Where a contract contains a large number of stipulations of varying degrees of importance, to be performed, and for the breach of some of which the damages are readily ascertainable, while as to others they are not, a single sum stipulated as damages for a breach, and applicable alike to each of the covenants, will be treated as a penalty, and in an action for a breach only the actual damages proved are recoverable.

*G. B. Findley,* City Solicitor, for plaintiff.
*Blandin, Hogsett & Ginn,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

On October 22, 1907, the council of the city of Elyria, the plaintiff in error, passed an ordinance known as No. 1425, granting to the defendant in error, the Cleveland, Southwestern & Columbus Railway Co. the right to construct, maintain and operate certain tracks, on and in the streets of said city. By the terms of the ordinance, the railway company was to have the tracks on certain of the streets completed and in operation on or before August 1, 1908, while, as to certain other streets on which the right to lay tracks and additional tracks was granted, no time limit was specified within which the construction should be made.

The ordinance also granted to the railway company an extension of all of its franchises for the period of twenty-five years from the date of the passage of the ordinance.

One section of the ordinance provided as follows:

"This ordinance shall take effect and be in force from and after its passage and earliest period allowed by law, and the filing of the bond required by Ordinance No. 1421, and the payment of the costs of publication, as required by said ordinance, and from and after the acceptance of the terms and conditions hereof by said the Cleveland, Southwestern & Columbus Railroad Company, its successors or assigns, as required by said Ordinance No. 1421."

Ordinance No. 1421, referred to, is a general ordinance regulating the use of the streets of the city of Elyria for railroad purposes and was in force when Ordinance No. 1425 was adopted. Section 8 thereof provides:

"Within thirty days from and after the final passage of the franchise ordinance, the grantee shall file with the city clerk its acceptance in writing of the terms and conditions of said ordinance, which acceptance shall be accompanied by a bond in the sum of ten thousand dollars ($10,000), conditioned upon the construction and equipment of said railroad within such times as shall be prescribed in the granting ordinance and to save the city harmless from the claims for damages or otherwise growing out of the construction of said railroad."

The railway company on October 28, 1907, complied with the section just quoted by filing its written acceptance of the terms of Ordinance No. 1425, and also gave the bond required by this section and Section 18 of Ordinance No. 1425. The bond was in the required sum of $10,000 and was signed by the defendant in error, the Fidelity & Deposit Company of Maryland, as surety. The condition of the bond is as follows:

"WHEREAS, the said railway company by ordinance duly passed by the council of the city of Elyria, on October 22, 1907, and approved by the mayor of said city on October 28, 1907, was granted the right to construct, reconstruct and equip certain street railroads, within said city, and within the time and in the manner prescribed in said ordinance; and

"WHEREAS, on the 28th day of October, 1907, said railway company duly accepted in writing the terms and conditions of said ordinance;

"*Now, Therefore,* if the said railway company shall well and truly construct, reconstruct and equip said street railroads within said city within the time prescribed in said ordinance, and as provided in Ordinance 1368 of the city of Elyria, as amended October 1, 1907, and shall save the city of Elyria harmless from any and all claims for damage or otherwise growing out of the construction and reconstruction of the said street railroads, then this obligation to be void; otherwise to be and remain in full force and virtue in law."

The railroad company did not construct any of the tracks provided for in Ordinance No. 1425, and on August 18, 1908, the city council of Elyria, acting under the power reserved by Section 11 of Ordinance No. 1425, passed an ordinance declaring null and void the rights and privileges granted by Ordinance No. 1425, except the provisions thereof giving the company the right to construct tracks on three certain streets and the provision extending the company's franchise for twenty-five years.

Thereafter suit was brought by the city against the railroad company and the surety company to recover on the bond, and on the trial the judgment was for the defendants.

The object of this proceeding in error is to secure a reversal of said judgment.

The only question presented for our determination is whether the $10,000 named in the bond is to be treated as a penalty or as stipulated or liquidated damages. If it is to be considered a penalty, the judgment of the court of common pleas must be affirmed, because there was no evidence produced of any loss or damage resulting to the plaintiff by the failure of the railroad company to construct its tracks within the time required by the ordinance, which is the only breach of the condition of the bond complained of. If, on the contrary, the amount named in the bond is to be considered as stipulated or liquidated damages, the judgment must be reversed.

The ordinances, in compliance with which the bond sued on was given, do not specify whether the amount for which bond was required to be given was for security merely against such loss as the city might suffer by the failure of the railroad company to perform the things required of it, or whether it was to be

treated as liquidated damages. The bond itself does not denominate the sum named therein as penalty or liquidated damages.

Even if the ordinances and the bond had described the sum specified as either a penalty or liquidated damages, the characterization would not necessarily have been controlling, since the mere calling the sum named a penalty or liquidated damages is not conclusive of the intention of the parties, if that intention, gathered from the whole agreement, appears otherwise. *Schofield* v. *Tomkins,* 95 Ill., 190.

The problem in every case is to arrive at the intention of the parties. The general rule on this subject is stated in *Pomeroy's Equity Jurisprudence,* Section 440, as follows:

"It has been repeatedly held that the words 'penalty' or 'liquidated damages,' if actually used in the instrument, are not at all conclusive as to the character of the stipulation. If upon the whole agreement the court can see that the sum stipulated to be paid was intended as a penalty, the designation of it by the parties as liquidated damages will not prevent this construction. If, on the other hand, the intent is plain that the sum shall be liquidated damages, it will not be treated as a penalty because the parties have called it by that name. It is well settled, however, that if the intent is at all doubtful, the tendency of the courts is in favor of the interpretation which makes the sum a penalty."

The bond involved here was furnished in compliance with the terms of a general ordinance, providing that whenever a franchise ordinance is passed, the grantee in accepting the same shall give a bond conditioned for the construction and equipment of said railroad within such times as shall be prescribed in the granting ordinance and to save the city harmless from any and all claims for damages or otherwise, growing out of the construction of said railroad.

In thus providing by general ordinance for the kind of bond to be given whenever a franchise ordinance might be granted, the council must have intended to provide for the giving of security to protect the city against such damages as it might suffer on account of the failure of the grantee to do the things required

of it. The rights to be granted after the passage of the general ordinance containing the requirement as to giving of bond, might be of great value, or of small value. The franchises might be of short or of long duration; they might confer rights in a single street, or a part thereof, or on every street in the city. It is hardly to be presumed that the purpose of requiring the bond was to provide a uniform sum as liquidated damages which might be collected by the city for the failure of the grantee under any franchise ordinance that might be passed to do the things stipulated in the ordinance, regardless of their importance to the city regardless of the actual loss sustained by it. *Nevada County* v. *Hicks et al,* 38 Ark., 557.

It is to be noticed, also, that Ordinance No. 1425 requires certain tracks to be built on or before August 1, 1908; other tracks are required to be built on or before December 1, 1908; while no time is specified as to when the tracks shall be completed on other streets. The bond secures the building of the various tracks within the time required. It also stipulates for the construction of tracks as provided by Ordinance No. 1368, of the city of Elyria, which, in general, controls the manner of construction and material to be used. The bond also provides for the protection of the city of Elyria against damage claims growing out of the construction and reconstruction of the railroad company's tracks.

There being thus a number of different things of varying importance covered by the condition of the bond, it is our opinion that the sum named therein should be considered as a penalty and not as liquidated damages. The principle which we believe should control here is stated in *East Moline Co.* v. *Weir Plow Co.,* 95 Fed. Rep., in the following language:

"Where a contract contains a large number of stipulations to be performed, of varying degrees of importance, and for the breach of some of which the damages are readily ascertainable, while as to others they are not, a single sum stipulated as damages for a breach, and applicable alike to each of the covenants, will be treated as a penalty, and in an action for a breach only the actual damages proved are recoverable."

For the reasons indicated we hold that the trial court committed no error in rendering judgment for the defendants and the judgment is affirmed.