## Kay Gee Amusement Company, for use of George W. McGee, Appellant, v. Charles R. Cave, Appellee.

## Gen. No. 16,880.

1. PARTIES—*where one of the colessees is dead.* Where one of colessees is dead, an action to recover a deposit is properly brought in the name of the surviving lessee.

2. APPEALS AND ERRORS—*motion to exclude plaintiff's evidence raises a question of law.* A motion by defendant to exclude plaintiff's evidence and to find the issues for defendant presents a question of law to the court which is subject to review.

3. DAMAGES—*where parties intend sum as liquidated damages.* Where parties to a lease agree to a certain sum as liquidated damages, and they intend it to be liquidated damages and not a penalty, such sum is irrevocably fixed by the parties as the amount to be recovered whether the damages be overpaid or underpaid.

4. DAMAGES—*construed to be unliquidated where optional with one party.* A provision in a lease that a certain sum may be retained "at the option of" lessor "as and for his liquidated damages and not as penalty," is construed as tending to show damages were not liquidated, since acceptance by lessor is optional.

5. DAMAGES—*whether liquidated damages or penalty depends on intention of parties.* Whether a deposit is liquidated damages or a penalty depends on the intention of the parties as disclosed by the situation and terms of the instrument, and it is not necessarily regarded as liquidated damages though expressly so stated.

6. DAMAGES—*construction as to liquidated damages in doubtful cases.* Where there is doubt as to whether a deposit is intended as a penalty or liquidated damages and the damages are easy of calculation, the court is inclined to treat it as a penalty and inquire into the actual damages.

Appeal from the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed January 29, 1913. Rehearing denied February 14, 1913.

CHARLES R. NAPIER and CHARLES S. McILVAINE, for appellant.

ADLER & LEDERER, for appellee; FRANCIS ADAMS, JR., of counsel.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

Kay Gee Amusement Company, appellant, for the use of George W. McGee, sued Charles R. Cave, appellee, for the sum of $1,200, deposited by appellant with appellee March 27, 1908, as security for the payment of rent to become due under a lease bearing said date, and which lease was terminated by appellee because of a default in appellant to pay a month's rent due.

The cause was tried before the court without a jury, and at the close of appellant's testimony in chief on motion of appellee the court found the issues for the appellee, overruled appellant's motion for a new trial, and entered judgment against appellant in favor of appellee for costs.

In said lease appellee was described as party of the first part, while appellant was described as party of the second part, and the clauses therein material to this suit read as follows:

"It is agreed that certain repairs and improvements shall be made upon the above premises in accordance with plans, copies of which are hereto attached; that said premises shall be equipped with chairs to proper seating capacity; that all such appliances shall be placed upon said premises for fire protection as may be required by the city ordinance, and that said improvements, chairs and appliances shall be paid for by party of the first part; provided that in case the same shall cost to exceed the sum of three thousand dollars ($3,000) such excess shall be paid by the party of the second part. All the said improvements, chairs, scenery, curtain, and the said appliances above referred to, shall be and remain the property of the party of the first part, and at the expiration of this lease, by lapse of time or otherwise, shall be surrendered to him in as good condition as received, loss by fire, ordinary wear and tear excepted.

"In case the amount expended by party of the first part for the making of such improvements and for the purchase of such chairs and appliances, including said partition wall figured at two hundred twenty-five

($225) dollars, shall not amount to the sum of three thousand ($3,000) dollars, then the difference between said sum and the sum of three thousand ($3,000) dollars shall be credited to party of the second part on account of rent in sixty (60) equal instalments, one-sixtieth (1/60) of said sum to be applied upon each month's rent during the term of this lease. Party of the first part agrees, at his own expense, to put in at a convenient place to be designated by party of the second part, a toilet and wash basin, and to make the necessary connections, the same to be of sanitary open plumbing type. After the completion of the improvements hereinbefore provided for, party of the first part shall not be required to make any further repairs during the term of this lease.

*    *    *    *    *    *

"The party of the second part agrees to protect and indemnify, and to hold party of the first part harmless from all costs, expense, damages or judgments growing out of any alleged violation of any city ordinances on said demised premises, or out of any injuries sustained by any person or persons on said premises.

"Party of the second part has, simultaneously with the execution of this lease, deposited with party of the first part, the sum of twelve hundred ($1,200) dollars as security for the payment of the rent hereunder and the performance on its part of all the covenants of this lease. In case party of the second part shall fail to pay the various instalments of rent as they become due or shall make default in the performance of any of the covenants of this lease so that the said lease shall, by reason of such default and lawful notice of party of the first part to party of the second part be terminated, as provided by statute, then and in that event the said sum of twelve hundred ($1,200) dollars so deposited may be retained at the option of party of the first part as and for his liquidated damages and not as penalty. In case the party of the second part shall pay the various instalments of rent hereunder and not make default in the performance of any of the covenants of said lease, then and in that event the said sum so deposited shall be credited to the extent and

for the period of time for said premises for and on account of the last months during the last year of the term of this lease.''

Appellant deposited the sum of $1,200 with appellee the day the lease was executed, and two days thereafter Frank Kommer's name was written in the lease as a co-lessee and he signed the same. Afterwards $3,500 was expended in alterations and improvements of the premises, according to said contract, of which sum appellant paid $500, and appellee $3,000. Appellant went into possession of said premises, and on July 1, 1909, defaulted in the payment of rent due for that month on that day, and appellant declared the terms of the lease ended and retained the $1,200 deposited as his liquidated damages. Frank Kommer died before the beginning of this suit.

The suit was properly brought in the name of the surviving lessee. Jones v. Supreme Lodge Knights of Honor, 236 Ill. 113; Supreme Lodge Knights and Ladies of Honor v. Portingall, 167 Ill. 291.

The contention of appellee that there was no proposition of law submitted to the court under the ''Practice Act,'' and that therefore there is no question of law presented to us on this appeal, as the cause was tried without a jury, is untenable. The motion of appellee to exclude appellant's evidence, and to find the issues for appellee, presents a proposition of law to the court in the nature of a demurrer to the evidence. Smith v. Billings, 169 Ill. 294; Hogan v. Stophlet, 179 Ill. 150; First Nat. Bank of Chicago v. North Western Nat. Bank of Chicago, 152 Ill. 296.

The principal question in this case is whether or not the deposit of $1,200 by appellant with appellee should be regarded and held to be as liquidated damages to be retained by appellee in full of all his damages, or as a penalty for the fulfillment of the lease contract to pay rent and hold appellee harmless from all damages, etc.

We think it is very clear that the said sum was

named by the parties and put up by appellant with appellee as a named penalty or security for the faithful performance of the covenants of the lease to pay rent, etc. The contract or lease itself denominates the deposit as "security for the payment of the rent" and the performance of the covenants by the appellant or lessee. In the preceding paragraph of the lease appellant agrees to protect and indemnify and to hold harmless from costs, expenses and damages, etc. The word, "indemnify," simply means, as used in the lease, to make whole. So the words, "to secure and to hold harmless," as used in the lease, have the same meaning. Those words do not signify that appellee may be overpaid, or underpaid, but exactly paid, his damages. If the parties intended said sum as liquidated damages, then appellee is entitled thereto whether his damages be overpaid or underpaid, because if liquidated damages was intended, that sum was irrevocably fixed by the parties as the sum to be recovered for appellee's damages. Sedgwick on Damages, vol. 1, sec. 389.

Again, said lease provides that in case of default by appellant in the terms of the lease, so that the same shall be terminated by reason thereof, that then said sum may be retained "at the option of" appellee "as and for his liquidated damages and not as penalty." The thing that usually settles the question as to whether liquidated damages or a penalty is meant in such contracts, is a disclosure in the contract that the parties agreed upon the actual damages to be paid and intended that said sum and no other sum should be paid and accepted as the actual damages for the breach. The fixing of liquidated damages by two parties is supposed to be done to prevent any litigation or further inquiry into the question of damages. Leaving it optional to appellee to accept the sum as liquidated damages is a point against the contention that the damages to be paid were irrevocably fixed and settled by the parties. So, also, if by the contract we determine that only the actual, or the exact damages of appellee,

are to be recovered in case of default, that argues that the damages fixed are to be considered as a penalty, as in case the sum fixed be declared a penalty only actual damages sustained can be recovered.  Sedgwick on Damages, vol. 1, sec. 395.

"The character of the deposit, whether liquidated damages or a penalty, depends upon the intention of the parties, as disclosed by the situation and by the terms of the instrument.  The deposit is not necessarily to be regarded as liquidated damages, although it is expressly so stated in the instrument.  Whether it is that or a penalty depends upon the nature of the transaction and the intention of the parties."  Caesar v. Rubinson, 174 N. Y. 492; Westfall v. Albert, 212 Ill. 68; Hennessy v. Metzger, 152 Ill. 505; Radloff v. Haase 196 Ill. 365; Scofield v. Tompkins, 95 Ill. 190.

"The real intention of the parties to be sought for is as to whether or not the parties, after having mutually and in good faith considered and calculated the actual damages, intended the sum fixed by their contract to be accepted as compensation for the breach of contract, or merely as security or penalty for the breach thereof."  Van Kannel v. Higley, 172 Ill. App. 88.

In determining the intent of the parties, courts must look to the entire instrument and give effect to every clause.  It is also laid down as a rule of construction that in doubtful cases courts should be inclined to treat the stipulations as penalties and to hold that the real damages should be inquired into.  The damages in this case were easy of calculation, and in such a case where the damages are unreasonably large, courts will not be inclined to regard the stipulated sum as liquidated damages.  The only damages claimed in this case were for loss of rent and for the tearing down of a wall the construction of which cost $225.

We think from the evidence it clearly appears that the damages named were exorbitant, and that the court

should have heard the evidence as to the actual damages, treating the sum mentioned as a penalty.

The judgment of the court is reversed and the cause remanded.

*Reversed and remanded.*